The New England Steamship Company, Plaintiff, *v.* Geo. H. Merrill Company of N. Y., Inc., Defendant.

Municipal Court of the City of New York, Borough of Manhattan, Ninth District, May, 1922.

**Carriers — no recovery for storage charges of property "stored" on public street.**

A carrier under a bill of lading and the tariff schedules filed with the interstate commerce commission is not entitled to recover storage charges except when the merchandise is stored " in or on railroad premises," and upon proof that it was stored in the public street judgment will be given in favor of defendant.

The court will take judicial notice that the marginal way or farm which lies between the westerly side of West street and the North river is a part of the public streets of the city of New York.

Action to recover on a bill of lading.

*Charles M. Sheafe, Jr.*, for plaintiff.

*Henry W. Hardon*, for defendant.

Lauer, J.   The question here involved is as to the right of the plaintiff to recover under the bill of lading, copy of which is in evidence, and under the tariff schedule filed with the interstate commerce commission.   It appears that the charges made by the plaintiff against the defendant which are sought to be recovered in this action represent storage charges which the plaintiff claims are due it for the storage of sixty-five drums, weighing 32,671 pounds, stored on what is known as the marginal way or farm which lies between the westerly side of West street and the North river. According to the evidence these drums were unloaded at pier 14 and immediately taken to this marginal way where they were kept during all the time for which the charges are now claimed in this action.   The defendant contests the right of the plaintiff to charge for storage of these drums because the place of storage was not railroad premises but was a public street of the city of New York.

The court, I think, may take judicial notice of the fact that the place where this shipment was stored was a part of the public streets of the city of New York and not property owned or controlled by the plaintiff steamship company.

The provision of the bill of lading is to the following effect (§ 5):  " Property not removed by the party entitled to receive it within 48 hours (exclusive of legal holidays) after notice of its arrival has been sent or given may be kept in car, depot or place of delivery of the carrier or warehouse, subject to a reasonable charge for storage and to carrier's responsibility as warehouseman

only, or may be at the option of the carrier removed to and stored in a public or licensed warehouse at the cost of the owner, and there held at the owner's risk and without liability on the part of the carrier, and subject to a lien for freight and other lawful charges including a reasonable charge for storage."

The schedule of charges of the interstate commerce commission applicable to this shipment authorizes charges for storage if stored " in or on railroad premises." The plaintiff proves no right to charge for storage other than that of the provision in the interstate commerce commission schedules referred to.

I conclude, therefore, that the plaintiff is not entitled to recover except for storage of merchandise " in or on railroad premises." Unquestionably this merchandise was stored in the public streets of the city of New York, in a place other than " in or on railroad premises," and under the circumstances I do not believe the plaintiff is entitled to a recovery.

Judgment is accordingly given for the defendant.

Judgment accordingly.